**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **VICTOR VANMEERBEECK** | **Case No.** |
| **LYNN VANMEERBEECK,** | **Hon.** |
| Plaintiffs | **Magistrate Judge** |
| | |
| **v.** | |
| | |
| **CHARTER TOWNSHIP OF WEST BLOOMFIELD, CHARTER TOWNSHIP OF WEST BLOOMFIELD BUILDING DEPARTMENT,WEST BLOOMFIELD ZONING DEPARTMENT,GORDON BOWDELL (in his official and individual capacity),ERIC BEAUCHAMP (in his official and individual capacity).** | **JURY DEMANDED** |
| Defendants | |

_____

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## **COMPLAINT**

Plaintiffs Victor VanMeerbeeck and Lynn VanMeerbeeck by and through their counsel Smith Law Group PLLC /Scott F. Smith for their Complaint states:

## **INTRODUCTION**

1.      This is a case of governmental overreach that is a compensable taking pursuant to the takings clause of the Fifth Amendment of the United States Constitution to the States through the 14th Amendment and as enforced by 42 USC 1983. It is also unconstitutional under Michigan's Constitution .

2.      Defendants' conduct caused the deprivation of Plaintiffs valuable property rights consisting of equity in real property without just compensation.

3.      This abuse stems from the Defendants' obtaining a "demolition order",(which is presently stayed) after the structure was complete.

4.      The instant case seeks to enforce fundamental rights under the Michigan Constitution Article X §2, and the deprivation of the Plaintiffs' equity in their property interest and their right to due process under the 14th Amendment of the United States Constitution.

5.      The conduct of the Defendants Charter Township of West Bloomfield and the West Bloomfield Building Department (West Bloomfield) is a "regulatory taking".

6.      An order of demolition is a taking pursuant to the police power, without compensation. Therefore, any order requiring confiscation and destruction of privately held property must be subject to strict scrutiny.

7.      In no instance, may an act of demolition be taken unless it is necessary for the protection of public health, welfare, and safety. An order of demolition is a permanent act

2

which is essentially a physical invasion of the Plaintiffs property, which in this instance there is de minimis residual value.

8.      "Police power" may only be used to demolish a structure where there is an imminent danger or a nuisance which is contrary to the established facts in this matter.

9.      "The act of taking is the event which gives rise to the claim for compensation." *Knick v. Township of Scott,* 139 S. Ct. 2162 (2019).

10.     The "taking" occurred when West Bloomfield obtained a "demolition order" in a case concerning a nonconforming use on May 30th, 2023, in the Oakland County Circuit Court.

11.      Centuries old principles require that landowners have a property interest in their "equitable title." *Fox v. Saginaw County* 67 F.4th 284, 290 (2023).

12.     As set forth below, Defendants' actions constitute an impermissible inverse condemnation under Michigan law. Plaintiffs also seek a declaratory judgment against Defendants for their unlawful actions.

## **PARTIES**

13.     Plaintiffs Victor VanMeerbreeck and Lynn VanMeerbreeck are husband and wife and own the rights to the property located at 2272 Oak park Drive ,West Bloomfield Michigan.

14.     Defendant  Charter Township of West Bloomfield is a legal entity formed and exists under the laws of the State of Michigan and is controlled and/or operated by duly

designated Board of Trustees, Supervisor and empowered officials.

15.    Defendant Charter Township of West Bloomfield Building Department is a distinct governmental  entity  vested with the authority to make  building code and enforcement decisions for the Charter Township of West Bloomfield.

16.    Defendant Charter Township of West Bloomfield Zoning  Department is a distinct governmental  entity  vested with the authority to make  building code and enforcement decisions for the Charter Township of West Bloomfield.

17.    Defendant Gordon Bowdell was a Zoning Ordinance official for West Blomfield Planning  and zoning Department from 2016 -2023.

18.    Defendant Eric Beauchamp at the times described herein was a West Bloomfield Building Code Enforcement Officer and at such time is the head Building Department official.

## JURISDICTION AND VENUE

19.    This is a civil action brought seeking unpaid "just compensation" and other monetary damages against Defendants for violations of the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 USC 1983

20.    This Court has jurisdiction pursuant to 28 USC § 1331, which authorizes federal courts to decide cases considering federal questions; 28 USC § 1343, which authorizes federal courts to hear civil rights cases; 28 USC § 12202, which authorizes

4

declaratory judgments via the Declaratory Judgment Act; and 28 USC § 1367, which authorizes supplemental state law claims.

21.    Venue is proper in this Court as Defendants, individually and collectively, conduct or have conducted their business in Oakland County Michigan and within the Eastern District of Michigan.

22.    West Bloomfield issued a demolition order which was upheld by the Michigan Court of Appeals which an Application for leave to Appeal is pending before the Michigan Supreme Court.

### THE CONDUCT AT ISSUE HEREIN REFLECTS WEST BLOOMFIELD'S POLICY

23.    The actions described herein are a voluntary policy, custom, and/or practice of West Bloomfield and  their final policymaker(s).

24.    This voluntary policy and/or practice of WEST Bloomfield is sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

25.    Specifically, West Bloomfield made the affirmative, voluntary, and discretionary decision to select to pursue legal actions to deprive Plaintiffs of their property interests.

26.    Building officials  and other Township officials with final policymaking authority decided to pursue legal action which resulted in a "demolition order" as the Defendant's official policy.

27.    West Bloomfield, either through enactment of laws or regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority, has administered the "demolition order".

28.    Further, West Bloomfield either through enactment of laws and regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority, has been administered so that West Bloomfield was able to eradicate the property interest of Plaintiffs, without providing procedural or substantive due process .

29.    Accordingly, the actions at issue here were undertaken pursuant to an official Charter Township  policy for purposes of *Monell, supra*.

### SPECIFIC ALLEGATIONS RELATING TO THE PLAINTIFFS' PROPERTY INTEREST

30.    Plaintiffs became members of the United German American Recreation Society ("UGARS") United German American Recreation Society ("UGARS")  in 2012.

31.    UGARS was established in 1928. Shortly thereafter UGARS purchased a 23-acre parcel of land on Cass Lake in a location which would become the   Charter Township of West Bloomfield, Michigan.

32.    Plaintiffs'  membership in UGARS gave them a property interest and the right to a structure as well as certain common areas including the

lakeshore on the above-described parcel based on existing rules and understandings that stem from an independent source and state law.

33. The property rights possessed by the Plaintiffs are analogous to the ownership rights a condominium owner would have in the state of Michigan.

34. West Bloomfield has conceded that the zoning would be the same as a condominium project.

35. In 1936. Members of UGARS were assigned lots within the 20-acre parcel. Each member was permitted to build a cottage on his or her assigned lot. Over the years, UGARS members built and maintained ranch-style cottages on their assigned lots. In total, 26 cottages were built.

36. Members made additions and updates with UGARS' Board approval. For over 78 years members have bought and sold their cottages based on unique characteristics, similar to how a detached condominium development would alienate property interests.

37. After the passage of the West Bloomfield Township Zoning Ordinance in 1966, members continued to add onto, alter, and update their cottages.

38. West Bloomfield's Building Department's records show that the Charter Township updated its records to reflect the various alterations to member cottages and the dates of the alterations.

39. More than 20 entries show additions or modifications made to member cottages since 1990 without permits or enforcement action taken by West Bloomfield.

40. One Building Department entry dated August 17, 2011, noted that 2192 Oak Park was raised to 1 wall with partial foundation remaining and totally rebuilt in 2008.

41. In 2012, the VanMeerbeeck's obtained the property rights to the property located at 2272 Oak Park, West Bloomfield., Michigan.

42. In October 2015, VanMeerbeeck received UGARS's Board approval to remove the prior existing cottage on his assigned lot and construct a new one.

43. VanMeerbeeck did not initially apply for a building permit as it relied on the past practice of West Bloomfield allowing reconstruction and modernization without permits.

44. In early 2017, VanMeerbeeck began demolition and construction of their cottage.

45. Consumers Energy dug up Island View Drive, a public street in the adjacent subdivision, and installed a natural gas line to VanMeerbeecks' cottage.

46. A basement foundation was poured pursuant to the site plans.

47. In 2017, West Bloomfield was made aware of the construction and visited the site to take pictures for its Building Department's records.

48. On or about August 2, 2018, Defendant Eric Beauchamp a West Bloomfield Building Code enforcement officer met with Plaintiff Victor VanMeerbeeck at the subject property.

49. After the August 2, 2018, meeting, no violations or stop work order was issued, so the Plaintiffs continued construction on the cottage based on this interaction.

50. At the meeting with Mr. Beauchamp informed Mr. VanMeerbeeck that he would need to acquire an after-the-fact building permit for the project.

51. Plaintiff Victor VanMeerbeeck used West Bloomfields's supplied form titled "Building and Zoning Permit Application" and submitted his application for a building and zoning permit that same day.

52.     The site plan submitted (which reflected the structure that was being built) had a footprint of 848.75 sq ft. which was not an enlargement of the original footprint.

53.     On August 8, 2018 ,Mr. VanMeerbeeck received an email from the West Bloomfield Building Department informing him that his application was approved and that he needed to pay online for his permit to be issued.

54.     Mr. VanMeerbeeck paid the $150.00 permit fee and $4.50 processing fee online using the link provided by West Bloomfield Building Department. Appellant Victor VanMeerbeeck received Building Permit PB18-1071

55.     In late 2018, Mr. VanMeerbeeck applied for and received electrical, plumbing, and mechanical permits from WBT.

56.     West Bloomfield admitted it had  inspected the structure and approved the electrical, mechanical, and plumbing permits.

57.     West Bloomfield concedes that there is not an issue with the structure, but only that  there is a nonconforming use.

58.     Plaintiffs' modernized structure complies with current building codes and is not a nuisance.

10

59. The updated existing structure is safe and poses no harm to public safety.

60. The existing improved structure is an enhancement of the property's use and would conform to the present zoning classification of R-10.

61. The area in close proximity to the subject property has zoning that permits condominiums.

62. The cottage was completed in early 2020.

63. Despite this understanding, the Plaintiffs were not notified of any additional deficiencies or requests by the township pertaining to the rebuilt structure prior to further enforcement actions.

64. Presently the cottage is assessed for over $300,000.00,and but for the impending enforcement of the demolition order the property would have a fair market value in excess of $600,000.

65. Plaintiff presently pay $7350.00 a year for property taxes just on the structure.

66. UGARS pays additional taxes on the property which is paid by membership dues.

67. West Bloomfield's enforcement of a demolition Order under the guise of enforcement of building and zoning regulations is a "direct

11

appropriation" of Plaintiffs' property which is the functional equivalent of a "practical ouster of the Plaintiffs' possession.".,.

68.   Recently, upon information and believe West Bloomfield issued permits to another cottage owner for a renovation.

69.   On May 27, 2020, West Bloomfield's Building Officer Eric Beauchamp issued a stop work order by posting it on the VanMeerbeeck cottage.

70.   The remarks on the stop work order stated: "Must apply for 'after the fact' permits for house construction, enclosed porch, paver patio/retaining wall construction."

71.    Plaintiffs believed they had already complied with that request and received their after-the-fact building permit.

72.   On September 3, 2020 West Bloomfield filed a lawsuit against the VanMeerbeecks in Oakland County Circuit Court seeking to demolish their property.

73.   Instead, West Bloomfield proceeded to secure a demolition order targeting the Plaintiffs' property, despite evidence of compliance and the comparative granting of similar permits for neighboring properties.

74.   West   Bloomfield's   disparate   application   of   regulations demonstrates  arbitrary  and  capricious  action  on  the  part  of  the  township, resulting in inconsistent and unequal treatment of similarly situated property owners.

75.   West Bloomfield's enforcement of its building and zoning is generally proper under the  government's "police power" but in the instant case it was so onerous that it is tantamount to a direct appropriation and is a regulatory taking.

76.   While property may usually be regulated  but if the regulation goes too far it is a taking. *Pensylvania*(sic) *Coal Co. v.Mahon* 260US 393 (1922)

## COUNT I
## TAKING WITHOUT JUST COMPENSATION
## IN VIOLATION OF FIFTH AND FOURTEENTH AMENDMENTS
## UNDER VIA 42 USC § 1983 AND § 1988

77.   Plaintiffs repeat, re-allege, and incorporate herein by reference all prior paragraphs.

78.   This  claim  for  an  improper  taking  without  just  compensation  in violation of the Fifth and Fourteenth Amendments of the United State Constitution is being made against West Bloomfield pursuant to 42 USC §§ 1983 and 1988.

79.   The Fifth Amendment made applicable to the states via the Fourteenth Amendment pursuant to the 'takings clause" is constitutional provision and self -

13

executing right requiring the payment of just compensation upon a taking by West Bloomfield.

80. West Bloomfield, in violation of 42 USC § 1983, has taken Plaintiffs'' property interests in the form of equity and has confiscated this property without the payment of just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution as provided by 42 USC § 1983.

81. West Bloomfield's actions and procurement of a "demolition order is a per se taking for Fifth Amendment purposes.

82. West Bloomfields actions and omissions are an invalid exercise of their "police power".

83. West Bloomfield have committed a regulatory taking where the Building and Zoning ordinances were targeted towards their cottage.

84. West Bloomfield is requiring the VanMeerbeeck's to suffer a permanent physical invasion of their property.

85. The intentional and deliberate decisions made against Plaintiffs and UGARS left no viable path to preserve the value of their cottage and the rights and expectations created by the issuance of permits.

86. The Chairwoman and other Zoning Boad of Appeals members made it clear that despite the uniqueness and statements and conduct that the UGARs

property would be treated as a condominium project would be satisfied with nothing less than total rezoning and new project planning .

87.    The insistence of West Bloomfield and  its  Building  and Zoning officials' using their power to obtain their land use goals was at the expense of Plaintiffs, so they were left no choice but to tear down their structures or to live in antiquated and dangerous conditions.

88.    Plaintiffs have suffered economic and emotional distress caused by the coordinated conduct of the Defendants.

**<u>COUNT-II</u>**
**<u>ALTERNATIVELY, A REGULATORY TAKING IN VIOLATION OF</u>**
**<u>42U.S.C.1983</u>**

89.    Plaintiffs repeat, re-allege and incorporate herein by reference to all prior paragraphs.

90.    Additionally, another categorical rule prohibits regulations or their enforcement from depriving an owner of all economically beneficial use of their property.

91.    West Bloomfield has refused to take any action for the payments of just compensation for its seizures of Plaintiffs' Property

92.    By its refusal to take any action for the payment of just compensation at the time of the taking, West Bloomfield has deprived Plaintiffs and the putative Class Members of their constitutional right to just compensation in violation of the Fifth and Fourteenth

15

Amendments of the United States Constitution and such violation may be remedied pursuant to 42 USC §§ 1983 and 1988.

93. West Bloomfield has not paid just compensation.

94. West Bloomfield refuses to pay just compensation.

95. West Bloomfield's actions were designed or have otherwise caused harm intentionally or wantonly to Plaintiffs due to the utter disregard of Plaintiffs' and their constitutionally protected rights.

96. Alternatively, West Bloomfield's conduct if not found to be a total taking would amount to a partial taking using the *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978) where the enforcement of the regulation "impedes the use of the property without depriving the owner of all economically beneficial use".

97. The Penn Central factors include that the demolition would have served to eradicate almost all of the property interest, it would deprive the Plaintiffs of their original investment backed expectation of having a home on the lake and the character of the government action is draconian and drastic overreach of the Defendants regulatory power.

98. In the instant case the character of the government action is more akin to a physical invasion by the government which militates the conduct to be a "taking" under both U.S. and Michigan Constitutions.

99.     The actions of West Bloomfield were designed to cause harm intentionally or wantonly to Plaintiffs and to the utter disregard of Plaintiffs 'constitutionally protected rights.

100.   Defendants have done so without using any *direct* condemnation processes, including those outlined under the Uniform Condemnation Procedures Act, MCL 213.51, *et seq.*

101.   Therefore, under Article 10 §2 of the Michigan Constitution West Bloomfield and its Building Department  have committed a taking.

102.   Plaintiffs have been injured and have suffered damages.

103.   Damages encompass making the Plaintiffs and putative Plaintiffs whole which includes the fair market value plus interest from the date of the taking, plus attorney fees and costs.

**COUNT III
INVERSE CONDEMNATION AND /OR TAKING IN
VIOLATION OF THE MICHIGAN CONSTITUTION, ARTICLE X,
SECTION 2**

104.     Plaintiffs repeat, re-allege and incorporate herein by reference to all prior paragraphs.

105.   Defendants have taken the Plaintiffs' property interests without the payment of just compensation.

106.  Defendants have done so without using any statutory condemnation process, including those outlined under the Uniform Condemnation Procedures Act, M.C.L. § 213.51, et seq., and in violation of Article X, Section 2 of the Michigan Constitution.

107.  Defendants' actions caused an unjust taking of Plaintiffs' property interest.

108.  As a direct and proximate result of Defendants' unconstitutional taking of Plaintiffs' properties, Plaintiffs have experienced substantial loss of value and ordinary use and enjoyment of their properties.

109.  The injury to the Plaintiffs is unique or special because Plaintiffs had substantial equity in their property.

110.  Defendants have not and will not provide Plaintiffs with any opportunity claim their Equity after the de facto destruction of the VanMeerbeeck's property interests, nor did Defendants provide or have a constitutionally sufficient procedure to claim just compensation at the time the Defendants seized title to their property interests.

111.  Defendants have not paid just compensation.

112.   Plaintiffs have not received just compensation.

113.  Defendants did not have, allow, or give a reasonable opportunity to claim or be heard before or after the de facto appropriation of their property interests.

114.  Defendants' actions were designed to cause harm intentionally or wantonly to Plaintiffs and the putative class members due to its calculated disregard of constitutionally protected rights.

18

115.   The Plaintiffs whose Surplus Equity was taken are entitled to compensation under Article X, Section 2 of the Michigan Constitution.

116.   Plaintiffs have been injured and have suffered damages.

## COUNT- IV
## VIOLATION OF PROCEDURAL DUE PROCESS

117.   Plaintiffs repeat, re-allege and incorporate herein by reference all prior paragraphs.

118.   The U.S. Constitution Articles V and IV and Article I, Section 17 of the Michigan Constitution guarantees procedural due process to Plaintiffs .

119.   Plaintiffs have a constitutionally protected property interest in the  equity of their  property. Plaintiffs' Constitutional right to not have their property taken without just compensation is a self-executing right stemming from the  United  States  and Michigan Constitutions.

120.    West Blomfield has deprived Plaintiffs of its property and liberty interests as protected by the Constitutions of the United States and Michigan under color of law  in violation of the 14th amendment to the United States Constitution under 42 US.C.1983 and Article I, Section 17 of the Michigan Constitution.

121.   Defendants did not have any consistent policy on when or how to obtain building permits or certificates of Occupancy regarding the UGARs property.

122.  Defendant's denied Plaintiffs procedural due process by refusing to address Plaintiffs property interests but instead of just going along with their preordained policy that they wanted the UGARs property rezoned and make Plaintiffs an example and scapegoat for West Bloomfield Defendants prior failures to address land use decisions.

123.  Specifically West Bloomfield issued permits but then reversed itself taking the position  that they had not issued building permits or electrical, mechanical or plumbing permits.

124.   West Bloomfield engaged in a Kafkaesque series of communications in which it inconsistently told the Plaintiffs it would issue after the fact, building permits although they had been issued.

125.  Next ,the building department told the Plaintiff Victor VanMeerbeeck that they could never approve his rebuilt house because it was a non-conforming use, but they would not change the use.

126.  This is all after a custom and practice of over 60 years of allowing improvements and after the fact permitting and have in essence treated the Property interests tantamount to condominiums.

127.  West Bloomfield would never give Plaintiffs a fair hearing instead the Township just proceeded to litigation to attempt to demolish the Plaintiffs property.

20

128. Defendants' rights were subsumed by the Township preconceived mindset that UGARS had not cooperated so they would not entertain any course of action other than a demolition order.

129. Defendants exceeded their authority by not following the procedure as enacted by the legislature.

130. Defendants Eric Beauchamp and Gordon Bowdell intentionally with improper motive or with reckless disregard for Plaintiffs' fundamental constitutional rights in taking their property without just compensation and rights to procedural and substantive due process.

131. Defendants did not properly administer the building and zoning law which provided a remedy for property owners to receive "just compensation."

132. Defendants did not have any constitutionally sufficient process that Plaintiffs could utilize either pre-demolition order or post-demolition order of the deprivation of Plaintiffs' property in violation of the U.S. and Michigan Constitutions.

133. West Bloomfield has denied Plaintiffs their rights by failing to provide any constitutionally reasonable or adequate procedure at all for Plaintiffs and to secure the return of their Equity in their property..

134. Defendants knew that their conduct was intentional and motivated by evil motive and intent, or it involved callous indifference or recklessness to the Plaintiffs' federally and state protected rights.

135. As a direct and proximate result of Defendants' failure to provide adequate procedural due process, Plaintiffs have been injured and have suffered damages which include full compensatory damages, exemplary ,punitive damages, damages for emotional distress, and interest at a rate to make them whole for the delay in paying just compensation.

136. Plaintiffs do not have an adequate remedy at law except as set forth in this Complaint.

137. West Bloomfield continues to deprive Plaintiffs of their property rights and is liable for interest at a rate that makes them whole as determined by the court from the date of the taking.

## COUNT V
## VIOLATION OF SUBSTANTIVE DUE PROCESS

138. Plaintiffs repeat, re-allege and incorporate herein by reference to all prior paragraphs.

139. The U.S. Supreme Court has recognized that "[t]he Due Process Clause guarantees more than fair process"; it "also includes a substantive component." "Substantive due process focuses on the result of governmental action, not its procedures," meaning that it "imposes limits on what a state may do regardless of what procedural protection is provided."

140.   The right to not have their property interest interfered is a fundamental under the United States Constitution.

141.   Property ownership is well- established  interest that is protected by substantive due process.

142.   Defendants West Bloomfield and its officials  conduct violated the substantive component the due process clause of the 14th Amendment as it "shocks the Conscience".

143.   West Bloomfields and its officials conduct were improper and done  to harass and make an example out of the Plaintiffs.

144.   Defendants West Bloomfield and its officials  conduct was arbitrary in a constitutional sense.

145.   West Bloomfield's years long abuse of government power with the deliberate aim of harming the VanMeerbeeck is arbitrary and shocks the conscience.

146.   Defendants use of police regulation goes too far, so it will be recognized as a taking. *Pa. Coal Co. v. Mahon*, 260 U.S. 393, 415, 43 SCt.158, 67 L. Ed. 322 (1922).

147.   Police power may only be used to demolition a structure where there is an imminent danger or a nuisance.

## COUNT-VI
## VIOLATION OF EQUAL PROTECTION UNDER 42USC 1983

148. Plaintiffs repeat, re-allege, and incorporate herein by reference all prior paragraphs.

149. Plaintiffs are "a class of one" (owners of a property interest held as tenants in the entireties) that have been intentionally treated differently from other similarly situated persons without a rational basis.

150. Both before and after the procuring of a "demolition order" West Bloomfield allowed and permitted the renovation ,modernization and construction of housing dwellings on the UGARs property.(except in one instance where they bullied a member to stop resisting their irrational "demolition order").

151. In 78 years, in only one other instance, West Bloomfield did not allow one of the structures to be improved.

152. The reason for allowing the total or partial rebuilding of the cottages is rational as a vintage summer cottage would not be safe or sanitary.

153. In this case it is not rational to allow an updated built to code safe and compliant with electrical, mechanical and  plumbing codes.

154. There is no rational basis for the disparate treatment for the VaneMeerbeeck's in comparison to their neighbors in almost identical circumstances.

155. There was selective enforcement as the Plaintiffs which is not rational.

156. Plaintiffs have been injured and have suffered damages.

24

## COUNT- VII
## DECLARATORY RELIEF

157.  Plaintiffs repeat, re-allege, and incorporate herein by reference all prior paragraphs.

158.  An actual controversy exists between Plaintiffs Defendants regarding the administration of.

159.  Plaintiffs are entitled to a declaration that the failure of West Bloomfield to provide Plaintiffs with a basis for and a method to recover the equity in their property after they are taken is a violation of their rights to just compensation and equal protection.

160.  Plaintiffs  are entitled to declaratory judgment that Defendants must revoke the demolition order or pay just compensation  which is fair -market value for the property plus interest and attorney fees.

161.  Plaintiffs seek a declaratory judgment that Defendants cannot treat property owners who are similarly situated differently and further cannot use the pretense of enforcement to totally destroy the value of their property interests.

162.  Plaintiffs request a declaratory judgment that Defendants must offer a land use option that completely destroys the Plaintiffs value of their property interest based on arbitrary restrictions that have no rational purpose and inconsistently and arbitrarily applied.

163.    Plaintiffs seek a declaratory judgment that West Bloomfield has violated the Plaintiffs property rights by its enforcement of the "demolition order" and must pay just compensation.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

a.    Enter an order declaring the conduct of Defendants as unconstitutional under the United States Constitution and the Michigan Constitution;

b.    Enter an Order that the Charter Township of West Bloomfield has committed a "regulatory taking".

c.    Enter an order for an award of full compensatory damages for those injuries and damages sustained by Plaintiffs,

d.    Enter an order for additional damages and/or compensation to reach an amount equaling 125% of the Property's fair market value if this Court determines that private property consisting of an individual's Equity was taken for public use pursuant to Article X, Section 2 of the Michigan Constitution;

e.    Enter an order for an award of interest as provided for in *Knick v. Twp. of Scott*;

f.    Enter an order for an award of reasonable attorneys' fees and litigation expenses, and any and all other applicable laws, rules, and statutes;

g.    Enter an award for exemplary damages, punitive damages, and for emotional distress;

h.    Enter an order for any and all damages and/or compensation as is deemed proper under state and federal law including damages for constitutional torts.

i.    Enter an order for declaratory judgment that Defendants' conduct is unlawful under the Michigan Constitution;

j.    Enter an order for all other such legal and equitable relief that this Court deems proper and just.

## JURY DEMAND

For all triable issues, a jury is hereby demanded.

Respectfully submitted,

/s/ Scott F. Smith
Scott F. Smith (P28472)
Counsel for Plaintiffs
Smith Law Group, PLLC
30833 Northwestern Hwy, Suite 200
Farmington Hills, MI 48334
(248) 626-1962

27